**In re Marilyn E. HARGIS, Debtor.**

**PALMER & PALMER, P.C., Appellant,**

v.

**UNITED STATES TRUSTEE, Appellee.**

**Civ. A. No. 3–91–1380–R.**

United States District Court, N.D. Texas, Dallas Division.

Aug. 28, 1992.

Peter Michael Jung, Strasburger & Price, Dallas, Tex., for Palmer & Palmer.

William S. Parkinson, Office of the U.S. Trustee, Dallas, Tex., for U.S. Trustee.

Allen Dwaine Boydstun, pro se.

Harlin Dewayne Hale, pro se.

## MEMORANDUM OPINION AND ORDER

BUCHMEYER, District Judge.

Now before the Court is Appellant Palmer & Palmer, P.C.'s ("Appellant") appeal of the bankruptcy court's June 29, 1992 order in Bankruptcy Case No. 383–01529–HCA–11. This appeal arises out of the voluntary petition for relief under chapter 11 of the bankruptcy code filed by Bill K. and Marilyn E. Hargis on November 18, 1983 in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. Appellant was counsel for the Debtor in that chapter 11 bankruptcy case. The sole remaining issue on appeal is the award of professional fees to Appellant. For the reasons discussed below, this Court is of the opinion that the bankruptcy court's order should be Affirmed.

The facts of this case were more than adequately detailed in this Court's Memorandum Opinion and Order of February 20, 1992,[1] and will not be repeated here.

Upon remand, and in accordance with this Court's February 20, 1992 order, the bankruptcy court, on June 29, 1992, ruled that the reasonable amount of bankruptcy related fees due Appellant was $10,646.25, and that the reasonable amount of bankruptcy related expenses due Appellant was $580.45, plus all allocable interest earned. The bankruptcy court further ordered that these amounts be paid to Appellant. Appellant now appeals the bankruptcy court's June 29, 1992 order.

## I.

On appeal from a judgment in bankruptcy, findings of fact may only be set aside if they are clearly erroneous, and only if the reviewing court is truly convinced that a mistake has been made.[2] This stringent standard for review of findings of fact is not applicable to the bankruptcy court's conclusions of law, which are subject to plenary review.[3]

## II.

Appellant argues that the bankruptcy court erred in finding that only $10,646.25 was the reasonable amount of bankruptcy related fees that Appellant is entitled to receive, and that only $580.45 was the reasonable amount of bankruptcy related expenses due Appellant. Appellant seeks the release of all remaining funds in the bankruptcy court's registry and requests this Court to reverse the bankruptcy court's June 25, 1992 order and render judgment in favor of Appellant, permitting Appellant to recover all remaining funds.

This Court finds Appellant's arguments unpersuasive. Appellant has not shown that the bankruptcy court erred in its determination of the amount of bankruptcy related fees that are reasonable. The bankruptcy court, upon reviewing the findings of fact and conclusions of law of both Appellant and Appellee, issued a very detailed and thorough opinion. In that opinion the court discussed the reasonableness of the bankruptcy related expenses and

---

**1.** In that opinion this Court: (1) Denied Appellant's Motion to Withdraw Reference; (2) Denied Appellant's Alternative Motion to Remand to a Different Bankruptcy Judge; (3) Remanded the case to the bankruptcy court of the Honorable Harold Abramson for a determination of what portion of Appellant's fees for bankruptcy related services, if any, are reasonable, and directed the bankruptcy court to pay Appellant that portion of fees determined to be reasonable out of the funds previously deposited by Appel-

lant in the bankruptcy court registry, including the allocable part of interest earned; and (4) Stayed this appeal pending resolution of the issue of fee reasonableness by the bankruptcy court.

**2.** *Matter of Monnig's Department stores, Inc.,* 929 F.2d 197, 200 (5th Cir.1991).

**3.** *Id.* at 201.

fees, the methods generally used to determine the value of services rendered to a bankrupt estate, and the relevant case law regarding fee determination. After this analysis, the court found that $10,646.25 was the reasonable amount of bankruptcy related fees due Appellant and that $580.45 was the reasonable amount of expenses due Appellant. Upon review of the record in this case, this Court finds no error of law or fact in the bankruptcy court's determination. Accordingly, the bankruptcy court's decision should be Affirmed. It is therefore

ORDERED that the bankruptcy court's decision is AFFIRMED.

